IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KING MICHAEL OLIVER,
#B89925,

        Petitioner,

v.

RALPH L. BLOODWORTH, II.,

        Respondent.

Case No. 20-cv-00925-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner King Michael Oliver, an individual currently in custody of the Illinois Department of Corrections at Menard Correctional Center, commenced this action by filing a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2251 for Federal Stay of State Court Proceedings" (Doc. 1). *See People v. Oliver,* No. 2019-CF-137 (Jackson County, Ill. Cir. Ct., Apr. 10, 2019).[1]

This matter is now before the Court for preliminary review of the Petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is

---

[1] Oliver's criminal case, *People v. Oliver,* No. 2019-CF-137 (Jackson County, Ill. Cir. Ct., Apr. 10, 2019), is currently on appeal. *See* https://www.judici.com/courts/cases/case_history.jsp?court=IL039015J&ocl=IL039015J,2019CF137, IL039015JL2019CF137D1 (last visited Sept. 18, 2020). The court record from Oliver's criminal proceedings are public records of which this Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n. 2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." For the following reasons, the Petition will be dismissed.

Oliver asks for a stay of his state court appellate proceedings under Section 2251, which provides that judges "before whom a habeas corpus proceeding is *pending,* may. . . stay any proceeding against the person detained. . . by or under the authority of any State for any matter involved in the habeas corpus proceeding." (emphasis added). This provision does not apply here for two reasons. First, Oliver does not have a habeas petition pending in the Southern District of Illinois. Second, he is the appellant in his pending state case, and thus, "there is no proceeding *against* him, but the proceeding is brought by him against the state." *See Brooks v. Gramley,* No. 95 C 3254, 1995 WL 431142, at *4 (N.D. Ill. July 18, 1995).

Furthermore, Section 2251 "is discretionary and presupposes that the petitioner has a plausible claim for habeas relief, which [Oliver] has not shown." *Id.* The records from his criminal proceedings demonstrate, and Oliver admits, that his state court proceedings are ongoing, and there do not appear to be any current circumstances that exist which render the state process ineffective. 28 U.S.C. § 2254(b)(1)(B). A writ of habeas corpus may not be granted unless the petitioner has exhausted state remedies as is required.

Accordingly, finding no grounds for relief on the basis of the facts alleged, the Petition requesting a stay is **DISMISSED without prejudice**.

The Court further notes that Oliver did not pay the $5.00 filing fee for this case

when he submitted the Petition, nor did he file a motion for leave to proceed *in forma pauperis* ("IFP"). Although this action is dismissed, Oliver still owes the filing fee.

If Oliver wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within thirty (30) days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Oliver plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Oliver does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

DATED:   September 21, 2020

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**